IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | CRIMINAL NO. 22-131 (FAB) |
| v. | |
| JOHN BLAKEMAN, | |
| Defendant. | |

UNITED STATES' MOTION FOR LEAVE OF
COURT TO DISMISS INFORMATION AGAINST
THE DEFENDANT AND TO DISMISS INFORMATION

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States moves the Court for leave to dismiss the information against Defendant John Blakeman and dismiss the information, with prejudice. Dismissal of the information is in the public interest and the interests of justice.

Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." The principal object of the "leave of court" requirement in Rule 48(a) is to protect a defendant against prosecutorial harassment and the rule has been held to permit the court to deny a government dismissal to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest. Rinaldi v. United States, 434 U.S. 22, 29 n.15 (1977) (*per curiam*) (citations omitted). Here, dismissal is in the public interest and in the interests of justice.

Defendant Blakeman pleaded guilty to an Information charging conspiracy to commit federal programs bribery (18 U.S.C. § 371) pursuant to a plea and cooperation agreement. He provided truthful and substantial cooperation to the United States in the investigation of the charged criminal conduct and the prosecution of co-conspirators to that criminal conduct. Defendant Blakeman cooperated with the United States before he was charged and plead guilty. A sentencing hearing remains pending and has not been scheduled pending the resolution of the prosecutions of indicted co-conspirators.

Promoting the cooperation of witnesses, including defendants who engaged in criminal conduct, serves the public interest and the policies and interests of the Department of Justice. Providing sentencing consideration for cooperating witnesses and evaluating that cooperation in the context of the sentences imposed on charged co-conspirators, including those more culpable and those who did not cooperate, also serves the public interest and furthers the policies and interests of the Justice Department. The Justice Manual emphasizes that cooperation is most valuable when it assists in the investigation or prosecution of other persons who are more culpable than the cooperating individual. That concept is included in the Justice Manual's provisions describing entering into <u>non-prosecution agreements</u> in return for cooperation. JM § 9-27.620. Specifically, that provision provides:

> In determining whether a person's cooperation may be necessary to the public interest, the attorney for the government, and those whose approval is necessary should weigh all relevant considerations, including:

1. The importance of the investigation or prosecution to an effective program of law enforcement, or consideration of other national security or governmental interests;

2. The value of the person's cooperation to the investigation or prosecution;

3. The person's relative culpability in connection with the offense or offenses being investigated or prosecuted and his/her history with respect to criminal activity; and

4. The interests of any victims.

The President of the United States has the Constitutional authority to grant pardons. U.S. Constitution, Article II, § 2, cl. 1. On February 15, 2026, the President of the United States exercised his executive powers to grant pardons and granted full and unconditional pardons for the defendants charged in Case No. 3:22-cr-342 (SCC) – Defendant Wanda Vazquez-Garced, Defendant Julio Herrera-Velutini, and Defendant Mark Rossini. The United States has provided notice of the pardons to the Court which, when defendants certify their acceptance of the pardons, will result in the case being closed and dismissed as moot.

The criminal conduct charged in Case No. 3:22-cr-342 (SCC) is the same criminal conduct for which Defendant Blakeman was convicted and underlies the substantial assistance and cooperation rendered by Defendant Blakeman. Because more culpable co-conspirators have received pardons, dismissal of the information of Defendant Blakeman, with prejudice, is consistent with the public interest and the policies of the Department of Justice. Dismissal rewards Defendant Blakeman for his

cooperation and avoids a situation where a less culpable, cooperating witness will receive a felony conviction and face the possibility of a term of incarceration.

WHEREFORE, the United States respectfully requests that the Court grant leave to dismiss the information against Defendant Blakeman, dismiss the information, and for such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, on January 19, 2026.

*s/ W. Stephen Muldrow*
W. Stephen Muldrow
United States Attorney

*/s/ Seth A. Erbe*
Seth A. Erbe - 220807
Assistant U.S. Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, PR 00918
Tel. (787) 766-5656
seth.a.erbe@usdoj.gov

*/s/ Myriam Y. Fernandez-Gonzalez*
Myriam Y. Fernandez-Gonzalez - 218011
Assistant U.S. Attorney
Torre Chardón, Suite 1201,
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Office: 787-766-5656
myriam.y.fernandez@usdoj.gov

-5-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Seth Erbe*
Seth Erbe
Assistant United States Attorney